# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **TROY MITCHELL, Individually and on behalf of Emma Mitchell,** | § § § § § | |
| **Plaintiff,** | § | |
| **v.** | § § | **Civil Action No. 4:21-cv-00155-P** |
| **ADVANCED HCS, LLC d/b/a WEDGEWOOD NURSING HOME; WEDGEWOOD REHAB & NURSING GS, LLC; TOM GS, LLC,** | § § § § § § § | |
| **Defendants.** | § § | |

## ORDER

On February 12, 2021, the Court received Defendants' Notice of Removal from the 17th Judicial District Court in Tarrant County, Texas. *See* ECF No 1. Plaintiff Troy Mitchell's Original Petition asserts only state-law negligence claims against Defendants, arising out of Emma Mitchell's death. ECF No. 1-5. In its Notice of Removal, Defendants contend that the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e and the Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020) preempt Plaintiff's claims. *See* Nt. of Removal at ¶¶ 11–13. Defendants further allege that 28 U.S.C. § 247d-6d(d)(1) & (e)(1) provide for exclusive federal jurisdiction and an exclusive federal cause of action for Plaintiff's suit. *Id.* at ¶ 13. Thus, Defendants seek to invoke the Court's federal question and federal officer jurisdiction. *See id.* at ¶ 8. At the end of their thirty-nine page Notice

of Removal, Defendants request the opportunity to provide further briefing should any question as to the propriety of removal arise.  *Id.* at 38.

In light of the Court's review of the Notice of Removal and attached state-court filings, as well as several recent decisions from other district courts, the Court does have serious concerns about Defendants' theory of federal question jurisdiction.  As one court recently recognized, "[T]here is a growing consensus among courts across the country that state-law claims of negligence and wrongful death brought against a nursing home for failure to protect against the spread of COVID-19 . . . are not properly characterized as federal-law claims under the PREP Act."  *Dupervil v. All. Health Operations, LCC*, No. 20CV4042PKCPK, 2021 WL 355137, at *12 (E.D.N.Y. Feb. 2, 2021); *see also Gunter v. CCRC Opco-Freedom Square, LLC*, 8:20-CV-1546-T-36TGW, 2020 WL 8461513, at *1 n.1 (M.D. Fla. Oct. 29, 2020) (remanding to state court and noting that "the applicability of the PREP Act's immunity in the context of a nursing home negligence case has been addressed recently by several other jurisdictions"); *Sherod v. Comprehensive Healthcare Mgmt. Svcs., LLC*, No. 20cv1198, 2020 WL 6140474 (W.D. Pa. Oct. 16, 2020) (remanding); *Martin v. Serrano Post Acute LLC*, No. 20-5937DSF (SKx), 2020 WL 5422949 (C.D. Cal. Sept. 10, 2020) (remanding); *Lutz v. Big Blue Healthcare, Inc.*, No. 2:20-cv-2316-HLT-JPO, 2020 WL 4815100 (D. Kan. Aug. 19, 2020) (remanding "[b]ecause the PREP Act does not apply, it cannot be used to establish federal question jurisdiction under the doctrine of complete preemption"); *Est. of Maglioli v. Andover Subacute Rehab. Ctr. I*, No. 20-6605(KM)(ESK), 2020 WL 4671091 (D. N.J. Aug. 12,

2020).   While these cases do not control, the thorough analysis contained therein is compelling and needs to be addressed by Defendants.[1]

Therefore, Defendants are **ORDERED** to file a supplement to their notice of removal **on or before March 8, 2021,** that addresses the removal of this case based on federal question jurisdiction and the Court's concerns explained above.   **Defendants' supplement should specifically address the recent district court opinions remanding COVID-19 nursing home cases that had been removed on the basis of the PREP Act and federal question jurisdiction**.   Failure to comply with this Order may result in the imposition of sanctions, and/or remand of this case, without further notice.

SO ORDERED** on this **25th day** of **February, 2021**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1]Our diverse fifty-state constitutional Republic is undergirded by the fundamental concept of federalism, the idea that a limited federal government, no matter which branch, is not in the best position to resolve every problem in our country. COVID-19 pandemic or not, the federal courts must know and recognize their proper place in our system of government.  As the old saying goes, "don't make a federal case of it." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/make%20a%20federal%20case%20out%20of (last visited February 25, 2021).  Federal laws should not be stretched to ensure that every case or controversy lands in federal court. *See* THE FEDERALIST NO. 17 (Alexander Hamilton) (writing as "Publius") (explaining that under the Constitution, "the ordinary administration of criminal and civil justice" would be left to the states); *Cf.* Letter from Thomas Jefferson to James Madison (Mar. 15, 1789), in THE LIFE AND SELECTED WRITINGS OF THOMAS JEFFERSON 426 (Adrienne Koch & William Peden, eds., 2004 Modern Library Paperback ed.) (1944) (the federal "judiciary . . . is a body, which, if rendered independent and kept strictly to their own department, merits great confidence for their learning and integrity."). Moreover, removal to federal court should never be used by litigants for gamesmanship purposes or to delay litigation in cases involving issues best resolved by state courts.  *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").