IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TROY MITCHELL Individually and as Representative of the Estate of Emma Mitchell, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-00155-P |
| ADVANCED HCS, LLC, et al, | § § § | |
| Defendants. | § | |

## OPINION & ORDER

On February 12, 2021, the Court received Defendants Advanced HCS, LLC, Wedgewood Rehab & Nursing GS, LLC, and TOM GS, LLC's (collectively "Wedgewood" or "Defendants") Notice of Removal from the 17th Judicial District Court in Tarrant County, Texas. *See* ECF No 1. Plaintiff Troy Mitchell's Original Petition asserts only Texas state-law claims against Defendants, arising out of Emma Mitchell's death. ECF No. 1-5. In its Notice of Removal, Defendants contend that the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e and "Declaration Under the Public Readiness and Emergency Preparedness Act for Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (March 17, 2020)" completely preempt Plaintiff's claims. *See* Nt. of Removal. Thus, Defendants sought to invoke the Court's jurisdiction because Plaintiff allegedly raised a federal question. The Court issued an order instructing Defendants file a supplement to its notice of removal to address what one court called a "growing consensus" among courts across the country that refused to

characterize state-law nursing home claims as raising a federal question under the PREP Act. ECF No. 5.

Plaintiff filed a Motion to Remand (ECF No. 6), Defendants filed a supplement to its removal notice requesting judicial notice (ECF No. 9) and a response to the motion to remand (ECF No. 12), and Plaintiff replied (ECF 14). The question of whether Defendants have properly invoked the Court's federal question jurisdiction is squarely before the Court. Having considered the issue, for the reasons set forth below, the Court will **GRANT** Plaintiff's Motion to Remand.

## BACKGROUND

Plaintiff alleges that Ms. Mitchell was in Wedgewood's care in March 2020. ECF Orig. Pet. at ¶¶ 12–18. While there, Wedgewood was responsible for assisting Ms. Mitchell with her daily living activities based upon her conditions. *Id.* Defendant represented it was equipped to meet her needs and would provide proper medical oversight and care through properly trained and qualified individuals to assure that Ms. Mitchell was always safe and properly cared for. *Id.* Defendants knew of Ms. Mitchell's needs and failed to properly monitor and care for her, resulting in her contracting COVID-19, entering acute hypoxic respiratory failure, and dying on May 8, 2020. *Id.* Thus, Plaintiff complains of Defendants' failure to act, not Defendants' negligent administration of a drug, product, or device.

Plaintiff filed suit, alleging only state law claims of medical negligence, corporate negligence, and gross negligence. *Id.* at ¶¶ 23–41. On February 12, 2021, Defendants removed the case. Plaintiff then filed his Motion to Remand, Defendant responded, and

Plaintiff replied. Mt. to Remand; Resp.; Reply. The Motion to Remand is now ripe for review.

## LEGAL STANDARD

Generally, any civil action brought in a state court where the United States District Courts have original jurisdiction may be removed by defendants to the United States District Court for the district and division embracing the place where the original suit pends. 28 U.S.C. § 1441(a). That said, federal courts are courts of limited jurisdiction, so the removal statute is subject to strict construction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 810 (1986) (recognizing that removal "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system"); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Absent diversity jurisdiction, cases cannot be removed if the complaint fails to affirmatively allege a federal claim under the well-pleaded complaint rule. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 5–6 (2003).

"Preemption" is an affirmative defense to a state law claim which, alone, cannot invoke federal question jurisdiction as a well-pleaded complaint. *See, e.g.*, *Spear Marketing Inc. v. BancorpSouth Bank*, 844 F.3d 464, 467 n.3 (5th Cir. 2016). An exception to the well-pleaded complaint rule exists where there is complete preemption of the state claim by federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

The complete preemption doctrine, also known as the artful-pleading doctrine, provides that the preemptive force of some federal statutes is so strong that "it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," such that removal is possible. *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705 (5th Cir. 2012) (quoting *Caterpillar Inc.*, 482 U.S. at 393)). For example, the Copyright Act is a federal statute that completely preempts the substantive field. *Id.* at 706. Complete preemption for the purpose of establishing federal subject matter jurisdiction is thus a purely jurisdictional doctrine distinct from ordinary preemption's defensive properties. *See Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

Complete preemption applies only when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar Inc.*, 482 U.S. at 393 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). The Supreme Court has recognized only three statutory provisions as having such extraordinary preemptive force: (1) Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185; (2) Section 502(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a); and (3) Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85–86. *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005). Thus, "[a]s a general matter, complete preemption is less common and more extraordinary than defensive or ordinary preemption." *Elam*, 635 F.3d at 803.

# ANALYSIS

**A.     The Court agrees with the "growing consensus" of district courts holding that state-law claims against nursing homes arising out of COVID-19 injuries are not federal-law claims under the PREP Act.**

"[T]here is a growing consensus among courts across the country that state-law claims of negligence and wrongful death brought against a nursing home for failure to protect against the spread of COVID-19 . . . are not properly characterized as federal-law claims under the PREP Act." *Dupervil v. All. Health Operations, LCC*, No. 20CV4042PKCPK, 2021 WL 355137, at *12 (E.D.N.Y. Feb. 2, 2021); *see also Gunter v. CCRC Opco-Freedom Square, LLC*, 8:20-CV-1546-T-36TGW, 2020 WL 8461513, at *1 n.1 (M.D. Fla. Oct. 29, 2020) (remanding to state court and noting that "the applicability of the PREP Act's immunity in the context of a nursing home negligence case has been addressed recently by several other jurisdictions"); *Sherod v. Comprehensive Healthcare Mgmt. Svcs., LLC*, No. 20-cv-1198, 2020 WL 6140474 (W.D. Pa. Oct. 16, 2020) (remanding); *Martin v. Serrano Post Acute LLC*, No. 20-5937DSF (SKx), 2020 WL 5422949 (C.D. Cal. Sept. 10, 2020) (remanding); *Lutz v. Big Blue Healthcare, Inc.*, No. 2:20-cv-2316-HLT-JPO, 2020 WL 4815100 (D. Kan. Aug. 19, 2020) (remanding "[b]ecause the PREP Act does not apply, it cannot be used to establish federal question jurisdiction under the doctrine of complete preemption"); *Est. of Maglioli v. Andover Subacute Rehab. Ctr. I*, No. 20-6605(KM)(ESK), 2020 WL 4671091 (D. N.J. Aug. 12, 2020).

Against this growing consensus, Defendants level but one case: *Garcia v. Welltower OPCo Group LLC*, No. SACV 20-02250JVS, 2021 WL 492581 (C.D. Cal. Feb. 10, 2021).

ECF No. 10 at 5. Defendants deploy *Garcia* because it came after Advisory Opinion 21-01 (the "Advisory Opinion") and because Defendants believe it gave the Advisory Opinion proper deference. *Id.* As shown below, *Garcia* is an outlier and not persuasive. *See Estate of Jones through Brown v. St. Jude Operating Co., LLC*, No. 3:20-CV-01088-SB, 2021 WL 900672, at *7 (D. Or. Feb. 16, 2021) (finding "that *Garcia* is not persuasive authority, and is an outlier"), *report and recommendation adopted sub nom. Estate of Jones v. St. Jude Operating Co., LLC*, 3:20-CV-1088-SB, 2021 WL 886217 (D. Or. Mar. 8, 2021); *see also* LINDA SCHUSTER Individually & as Representative of the Est. of Audie Mae Newton, Plaintiff, v. PERCHERON HEALTHCARE, INC. d/b/a Pleasant Manor Healthcare Rehab., Defendant., —F. Supp. 3d—, 2021 WL 1222149 (N.D. Tex. Apr. 1, 2021) (joining the growing consensus and finding that that state-law claims of negligence and wrongful death brought against a nursing home for failure to protect against the spread of COVID-19 are not properly characterized as federal-law claims under the PREP Act).

The question here is whether the PREP Act has a pre-emptive force "so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar Inc.*, 482 U.S. at 393. "[T]o determine whether a federal statute completely preempts a state-law claim within its ambit, we must ask whether the federal statute provides 'the exclusive cause of action' for the asserted state-law claim." *Sullivan*, 424 F.3d at 275–76 (quoting *Anderson*, 539 U.S. at 9). The Court joins the growing consensus and finds that it does not.

The PREP Act does not provide the exclusive cause of action for claims that fall within its scope; in fact, for the most part, the Act provides no causes of action whatsoever.

The PREP Act is, at its core, an *immunity* statute; it creates no rights, duties, or obligations. *See* 42 U.S.C. § 247d-6d(a)(1). In providing immunity to certain covered persons for certain types of claims, the PREP Act confers primary jurisdiction over most claims not to the federal courts but to the Secretary, who has the sole authority to administer and provide compensation from a "Covered Countermeasure Process Fund." *See* 42 U.S.C. §§ 247d-6e(a), 247d-6e(b). Even with PREP Act claims involving "willful misconduct," which must be brought exclusively in the United States District Court for the District of Columbia, the plaintiff must first exhaust administrative remedies, and may elect to accept compensation from the Process Fund instead of filing suit in federal court. 42 U.S.C. §§ 247d-6e(d)(1), 247d-6e(d)(5); *see also* 42 U.S.C. §§ 247d-6d(d)(1), 247d-6d(e)(1). Thus, except for one narrow exception, PREP Act claims cannot be brought in federal court.

Defendants direct the Court to a recent Advisory Opinion put forth by the Department of Health and Human Services' ("HHS") Office of the General Counsel, which opines that the PREP Act "is a 'complete preemption' statute" because it establishes "a federal cause of action, administrative or judicial, as the only viable claim." Public Readiness and Emergency Preparedness Act Scope of Preemption Provision, 21-01 (Op. O.G.C., Dep.'t of Health & Human Servs. Jan. 8, 2021). Put otherwise, according to the Advisory Opinion, a statute provides an exclusive federal cause of action for purposes of complete preemption even if "the exclusive initial venue is a federal administrative agency." *Id*.

While the Secretary's Declaration under the PREP Act "must be construed in accordance with the Advisory Opinions of the Office of the General Counsel," Fourth Am.

7

Decl., 85 FED. REG. 79,194–95, the Advisory Opinion expressly acknowledges that it "does not have the force or effect of law" Advisory Op. 21-01. Thus, even assuming *arguendo* that Congress intended to delegate authority to the Secretary and HHS's Office of the General Counsel "generally to make rules carrying the force of law," the Office of the General Counsel interpretation relied upon by Defendants here explicitly was not "promulgated in the exercise of that authority" and is not entitled to *Chevron* deference. *See United States v. Mead Corp.*, 533 U.S. 218, 226–27 (2001) (deciding that no *Chevron* deference is due where an agency's rule or opinion was not "promulgated in the exercise of" any delegated congressional authority).

Moreover, the Court finds that the interpretation lacks the "power to persuade." *Cf. id.* at 235 (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)); *see also Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000) (holding that agency interpretations in opinion letters are "entitled to respect" to the extent they have the "power to persuade"). The Advisory Opinion cites no cases for its proposition that an exclusive federal administrative remedy is sufficient for complete preemption. *See* Advisory Op. 21-01. The Court finds that the plethora of cases rejecting the Advisory Opinion's position, *see supra* at 5–6, possess a much larger "power to persuade" than the Advisory Opinion.

Defendants also points to a recent filing by the United States Attorney's Office for the Middle District of Tennessee in a similar case to this one, also involving a nursing home. Statement of Interest of the United States, *Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, No. 20-CV-683, ECF No. 35-1 (M.D. Tenn. Jan. 19, 2021). That filing highlights the Second Circuit's decision in *In re WTC Disaster Site*, 414 F.3d 352 (2d Cir.

2005), and argues that the ATSSSA, which the Second Circuit determined was a complete preemption statute, "is structurally similar to the PREP Act." *See id*. at 9–10.

The Court, however, disagrees with the government's position in *Bolton* and its comparison of the PREP Act to the ATSSSA. True, like the PREP Act, the ATSSSA created an administrative "Victim Compensation Fund" to provide relief for injuries resulting from the September 11, 2001 aircraft hijackings and crashes. *In re WTC Disaster Site*, 414 F.3d at 373–74. But, crucially, the ATSSSA also created an alternative, exclusive federal cause of action for claims "arising out" of the plane hijackings and crashes:

> There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001 . . . . [T]his cause of action shall be the exclusive remedy for damages arising out of the hijacking and subsequent crashes of such flights.

*Id*. at 374. Using the term "ATSSSA-created cause of action" or "ATSSSA-created federal cause of action" no fewer than five times in its discussion of complete preemption, the Second Circuit concluded that it was this exclusive federal remedy, which could be brought only in the United States District Court for the Southern District of New York, that gave the statute its extraordinary preemptive force, such that any claim within its scope was really a federal-law claim. *See id*. at 375–80.

The PREP Act creates no similar exclusive federal cause or right of action. As discussed above, the PREP Act is an immunity statute that simply limits the causes of actions for claims falling within its ambit, leaving only claims involving "willful misconduct" as able to be adjudicated in federal court, after administrative remedies have been exhausted. *See* 42 U.S.C. §§ 247d-6d(a)(1), 247d-6d(d)(1), 247d-6d(e)(1); *see also*

9

42 U.S.C. § 247d-6e(d)(1). Thus, while the ATSSSA permits a (specific) federal court to adjudicate ATSSSA claims fully on the merits under section 408 of that statute, the PREP Act permits no such thing. *Compare In re WTC Disaster Site*, 414 F.3d at 374 ("There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes . . . on September 11, 2001."), *with* 42 U.S.C. § 247d-6d(a)(1) ("[A] covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure . . . ."); *id.* § 247d-6d(d)(1) ("[T]he sole exception to the immunity from suit and liability of covered persons set forth in subsection (a) shall be for an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct . . . by such covered person."). *Cf. Sullivan*, 424 F.3d at 276 ("When a state-law claim is removed to federal court [on the basis of complete preemption], the district court may then adjudicate the claim on the merits under the relevant preemptive statute.") (citations omitted).

As the removing party, Defendants fail to demonstrate that the PREP Act falls within the ambit of complete preemption. As such, the complaint provides no basis for subject matter jurisdiction and the case must be remanded to state court.

**B.     Attorneys' fees are not warranted.**

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). While the Court has serious concerns about

10

Defendants' choice to remove this suit, the lack of binding precedent alongside the Advisory Opinion and *Garcia*'s presence show that Defendants had an objectively reasonable basis for removal. If the caselaw continues to develop along its current course, the Court believes that it will grow less and less tenable to claim that removal claiming preemption premised on an immunity statute is objectively reasonable. That said, the Court finds that no attorneys' fees are merited in this case for the reasons noted above.

## CONCLUSION

Therefore, Plaintiff's Motion to Remand (ECF No. 6) should be and hereby is **GRANTED** and the case **REMANDED** to the **17th Judicial District Court of Tarrant County, Texas.** The Clerk is **INSTRUCTED** to mail a certified copy of this Order to the District Clerk of Tarrant County, Texas.

**SO ORDERED** on this **5th day** of **April, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

11